NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

21-P-968

JOHN DOE, SEX OFFENDER REGISTRY BOARD NO. 187531

vs.

SEX OFFENDER REGISTRY BOARD.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff appeals from a Superior Court judgment affirming his classification by the Sex Offender Registry Board (SORB) as a level 3 sex offender. On appeal, the plaintiff claims the hearing examiner erred by (1) applying risk elevating factors that were not supported by substantial evidence, and (2) denying the plaintiff's motion for expert funds. We affirm.

Discussion. "When analyzing the validity of a decision by [SORB], a reviewing court must determine whether the decision is supported by substantial evidence" (quotation and citation omitted). Doe, Sex Offender Registry Bd. No. 10800 v. Sex Offender Registry Bd., 459 Mass. 603, 632 (2011). "Substantial evidence is such evidence as a reasonable mind might accept as adequate to support a conclusion" (quotation and citation omitted). Id. We give due weight to SORB's experience,

technical competence, and specialized knowledge, and the burden is on the plaintiff to demonstrate that the decision was invalid.  See id. at 632-633

Factors 10, 18 and 19.  The plaintiff claims the hearing examiner abused his discretion by applying risk-elevating factor 10.  Specifically, he claims that the hearing examiner erroneously applied factor 10 because he failed to acknowledge that some of the "charges [and] convictions" on the plaintiff's record resulted in dismissals.  See 803 Code Mass. Regs. § 1.33(10) (2016).  We disagree.

In his application of factor 10, the hearing examiner analyzed the plaintiff's contact with the criminal justice system.  He described the plaintiff's criminal history, the multiple states in which it occurred, and the different types of crimes for which the plaintiff was charged or convicted. Although the hearing examiner did not denote the disposition of each charge, some of which were dismissed, it was clear that the plaintiff had substantial contact with the criminal justice system.  See Doe, Sex Offender Registry Bd. No. 390261 v. Sex Offender Registry Bd., 98 Mass. App. Ct. 219, 226 (2020) (Doe No. 390261) ("factor 10 does not confine the examiner to consider only convictions").  Indeed, between 2002 and 2004, the plaintiff had eleven different criminal charges in Massachusetts and New York.  Given the plaintiff's extensive contact with the

2

criminal justice system, factor 10 was appropriately applied, which increased both his risk to reoffend and his degree of dangerousness.

The plaintiff also claims the hearing examiner erred by applying aggravating weight to factors 18 and 19 without discussing how those factors affect risk of recidivism. The plaintiff is correct that the hearing examiner discussed factors 18 and 19 in connection with the plaintiff's risk of reoffense, even though the text of those regulatory factors mentions only the offender's degree of dangerousness. See 803 Code Mass. Regs. § 1.33(18)-(19). However, we do not agree that this discrepancy requires reversal. The hearing examiner applied four other risk-elevating factors when analyzing the plaintiff's risk of reoffense. His analysis took into account the extreme violence of the plaintiff's sexual assaults (factor 8), the public location of one of the assaults (factor 16), and the plaintiff's criminal history and disciplinary record (factors 10 and 12). Therefore, even if factors 18 and 19 were excised from the analysis, there was still clear and convincing evidence that the plaintiff's risk of reoffense was high. See Doe No. 390261, 98 Mass. App. Ct. at 227.

We also do not agree with the plaintiff that the hearing examiner took a "checklist approach" in applying factors 18 and 19. See Doe, Sex Offender Registry Bd. No. 136652 v. Sex

3

Offender Registry Bd., 81 Mass. App. Ct. 639, 651 (2012) (classification may not be based on "mechanical application" of checklist).  Factors 18 and 19 are considered static factors because they pertain to an offender's original offense and do not change over time.  See 803 Code Mass. Regs. § 1.33.  Given the facts of this case, SORB's regulations required the hearing examiner to apply both factors and did not require him to assign them a specific weight.  Further, the hearing examiner explained why factors 18 and 19 elevated the plaintiff's degree of dangerousness.  Factor 18 defines an extravulnerable victim to include a victim in a circumstance that renders her more susceptible to sexual assault or unable to effectively defend herself.  Here, the hearing examiner determined that because the plaintiff raped the victim while she was asleep, she was prevented from defending herself at that moment.  Factor 19 is applied where the offender's sex offenses include penetration of the victim.  Here, the hearing officer applied this factor because during the commission of his sex offense, the plaintiff penetrated the victim's vagina with his penis three times.  The hearing officer therefore explained his reasoning adequately and properly applied both factors.

Expert funds.  The plaintiff also claims that the hearing examiner abused his discretion by denying the plaintiff's motion for expert funds.  Specifically, he maintains that his motion

4

should have been allowed because he provided medical documentation that identified a diagnosed mental health condition, adjustment disorder, and identified the type of expert that would testify on his behalf if funds were allowed. We disagree.

"[T]he decision whether to grant an individual sex offender funds for an expert is a discretionary one, to be based on the facts presented in an individual case." Doe, Sex Offender Registry Bd. No. 89230 v. Sex Offender Registry Bd., 452 Mass. 764, 775 (2008) (Doe No. 89230). "[I]n moving for expert witness funds, the burden [is] on the sex offender to identify and articulate the reason or reasons, connected to a condition or circumstance special to him, that he needs to retain a particular type of expert. A general motion for funds to retain an expert to provide an opinion on the sex offender's risk of reoffense, without more, would appear to be insufficient." Id.

To meet the necessary burden of proof in a motion for expert funds, an offender must explain how the identified condition or circumstance is connected to his risk of reoffense or level of dangerousness or provide evidence to support such a connection. Doe, Sex Offender Registry Bd. No. 339940 v. Sex Offender Registry Bd., 488 Mass. 15, 29-30 (2021). See 803 Code Mass. Regs. § 1.16(4)(a) (2016). The plaintiff's motion failed to meet this burden.

The plaintiff sought an expert to address the relationship between his 2019 diagnosis of adjustment disorder and his risk of reoffense and degree of dangerousness.  However, the plaintiff did not provide evidence that sufficiently addressed the nexus between the adjustment disorder and his risk of reoffense or his dangerousness.  In fact, the plaintiff admitted that the diagnosis came after his offending behavior, and merely offered speculation that his offenses "seem" to be related and that he "may" have further stressors that "may" develop into the persistent form of the disorder.  This was insufficient.  See Doe No. 89230, 452 Mass. at 775.  Without a nexus between the mental health condition and the plaintiff's current risk or degree of danger, the hearing examiner's denial of the motion for expert funds was neither error nor an abuse of discretion.

Judgment affirmed.

By the Court (Green, C.J., Meade & Blake, JJ.[1]),

*Joseph F. Stanton*

Clerk

Entered:  February 17, 2023.

---

[1] The panelists are listed in order of seniority.